CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 20 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:10CR00019 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| VLADIMIR S. CRESPO, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Vladimir S. Crespo, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Crespo challenges the validity of his confinement under his federal conviction for conspiracy to distribute cocaine. From the § 2255 motion and the record, the court dismisses the action as without merit.[1]

I

Vladimir S. Crespo pleaded guilty on September 13, 2010, pursuant to a written plea agreement, to one count of conspiracy to distribute more than 5,000 grams (five kilograms) of cocaine. Under the plea agreement, the parties stipulated that Crespo should be held responsible for more than five, but less than fifteen kilograms of cocaine, and Crespo waived his right to appeal or to bring a collateral attack such as this § 2255 motion. The government also agreed to move for dismissal of six other charges and not to object to application of the "safety valve"

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief. Crespo did not file his § 2255 motion within one year of the date on which his conviction became final under 28 U.S.C. § 2255(f)(1), and under his plea agreement, he waived his right to bring a § 2255 motion. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (finding that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary). These factors provide alternative grounds on which the government could move for dismissal of Crespo's § 2255 motion. Because Crespo's only stated ground for relief is clearly without merit, however, the court finds no need for a government response, and summarily dismisses the action.

provision of the sentencing guidelines, allowing Crespo to be sentenced below the statutory mandatory minimum of 120 months in prison. See United States Sentencing Manual § 5C1.2.

At sentencing, the court adopted the findings in the presentence report ("PSR") without objection from the parties. Crespo started with a base offense level of 32, based on the stipulated drug amount. Crespo met the criteria for a two-level reduction under the "safety valve" provision. Crespo also received a three-level reduction for acceptance of responsibility, for a total offense level of 27. With Crespo's criminal history category of I, his custody range under the guidelines was 70 to 87 months. The court sentenced Crespo to 70 months imprisonment on December 7, 2010, and entered judgment against him on December 9, 2010.

Crespo did not appeal the judgment. On January 19, 2012, Crespo executed this § 2255 motion, alleging only one ground for relief, as follows:

> Movant avers that his counsel was not effective at sentencing when he/she failed to provide this sentencing court with proper sentencing memorandum which could have persuaded this court to sentence the movant to a lesser sentence [t]o comply with the legislative history of the Sentencing Reform Act of 1984.

(Def.'s Mot. 7.)

## II

In order to establish an ineffective assistance claim, a defendant must show that his counsel's performance at sentencing fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland v. Washington, 466 U.S. 668, 669 (1984). The defendant must overcome a legal presumption that counsel's performance fell within the range of reasonable professional assistance and that the challenged action was sound trial strategy under the circumstances. Id. at 689; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). To prove prejudice, the defendant must show a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding

would have been different. Strickland, 466 U.S. at 694. The defendant "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297.

Crespo's claim of ineffective assistance at sentencing fails under both prongs of the Strickland standard. The court calculated Crespo's offense level based on the stipulated drug amount, applied the safety valve, granted a reduction for acceptance of responsibility, and imposed a sentence at the bottom of the resulting guideline range. Crespo fails to set forth any fact or argument that counsel could have presented, in a written memorandum or during the sentencing hearing, in support of a lighter sentence. Thus, he fails to overcome the presumption that counsel's representation at sentencing was reasonable. Crespo also fails to demonstrate that counsel's performance prejudiced him, as he shows no reasonable probability that an alternate strategy would have resulted in a different outcome at sentencing. On the contrary, the record reflects that Crespo received precisely the sentence he bargained for in the plea agreement. For the reasons stated, the court concludes that Crespo's § 2255 motion must be summarily dismissed as without merit. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 20th day of April, 2012.

/s/ James C. Turk
Senior United States District Judge